Maria E. Andrade, ISB # 6445
Christine Meeuwsen, ISB # 9990
Andrade Legal
PO Box 2109
Boise, Idaho 83701
Tel: (208) 342-5100
Fax: (208) 342-5101
mandrade@andradelegal.com
cmeeuwsen@andradelegal.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ALEMAN-ALEMAN, Roberto** <br><br> **Plaintiff** <br><br> v. <br> **LORETTA LYNCH, Attorney General; JEH JOHNSON, Secretary of the Department of Homeland Security; John KERRY, Secretary of State; and DEPARTMENT OF HOMELAND SECURITY; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES.** <br><br> **Defendants** | **DETAINED** <br><br> Case File No. 16-477 <br><br> Immigration File No: A 094- 063-977 <br><br> COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELEIF <br><br> **REQUEST FOR EXPEDITED REVIEW** |

Plaintiff, Roberto Aleman-Aleman, alleges as follows for his Complaint against

Loretta Lynch, Attorney General, et al.:

### NATURE OF THE ACTION

1.  This is an action arising from Defendants' breach of the Stipulated Class Action

COMPLAINT 1

Settlement Agreement approved and set forth in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC" or "ABC Agreement" or "ABC Settlement Agreement"), caused by Defendants' erroneous determination that the Plaintiff, Roberto Aleman-Aleman, was convicted of an aggravated felony as defined by the Immigration and Nationality Act (hereinafter "INA") § 101(a)(43), thereby rendering him ineligible for benefits under the ABC Settlement Agreement.  The Plaintiff's alleged aggravated felony conviction is the only basis asserted by the Defendants for the Plaintiff's ineligibility.  Plaintiff therefore seeks a declaration that he does not have an aggravated felony conviction and is therefore eligible for entitlement to the rights and benefits of the ABC Agreement ("ABC benefits") and an injunction ordering compliance with the terms of the ABC Agreement.

2.   The erroneous aggravated felony determination is the  only ground Defendants assert to deny ABC benefits as the Plaintiff is a national of El Salvador who was in the United States as of September 19, 1990, was the derivative on an asylum application filed on or before January 31, 1996, and applied for Temporary Protected Status (hereinafter "TPS").  The benefits and rights under the ABC Agreement include, but are not limited to: a special ABC interview, the opportunity to apply for relief from removal, and freedom from detention. The Plaintiff is currently detained.  ABC class member are protected from use and execution of a prior or existing deportation order.

3. The matter at issue is whether the Plaintiff is disqualified from receiving benefits under the ABC Agreement due to an aggravated felony determination.  On September

COMPLAINT 2

27, 2016, the Defendants issued a decision stating that the Plaintiff's 2003 conviction for burglary under Idaho Code § 18-1401 is an aggravated felony under INA § 101(a)(43) and therefore disqualifies him from benefits under the Agreement. (Exhibit 1). Plaintiff does not dispute than an aggravated felony conviction is a disqualifying factor, but only disputes that he has such a conviction.

4. Although, the Mr. Aleman-Aleman's conviction on its face seems to qualify as an aggravated felony pursuant to INA § 101(a)(43)(G), well-established case law conclusively indicates that it is not in fact an aggravated felony. The Idaho burglary statute, Idaho Code § 18-1401, mirrors the language of the California burglary statute which has repeatedly been held not be an aggravated felony. *See e.g. Descamps v. United States*, 133 S.Ct. 2276 (2013); *Taylor v. United States*, 495 U.S. 575 (1990); *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014).

## SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction in contract disputes of less than $10,000); 28 U.S.C. § 1346 (United States as defendant); and 28 U.S.C. § 1361 (mandamus). The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201-2202.

## VENUE

6. Venue lies in the District of Idaho under 28 U.S.C. § 1391(e) as this is an action against officers of the United States acting in their official capacities and against an agency of the United States, brought in the district in which at least one Defendant

COMPLAINT 3

resides.  Paragraph 35 of the Stipulated Class Action Settlement approved in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 809-10 (N.D. Cal. 1991), provides that individuals denied the benefits of the ABC agreement may initiate "a separate proceeding in any district court, and the Defendants will not contest jurisdiction of such court to hear any such claim."

## PARTIES

7. Plaintiff, Roberto Aleman-Aleman, is a citizen of El Salvador and because of his detention has resided in multiple locations, including Idaho and Washington.

8. Defendant, Loretta Lynch is the Attorney General of the United States and is being sued in her official capacity. The Attorney General is a party to the ABC litigation and is bound by its terms. *American Baptist Church*, 760 F. Supp. at 799 ("Plaintiffs and Defendants enter into and stipulate that this agreement imposes binding obligations on the parties and their successors."). In her official capacity, Ms. Lynch is in charge of enforcing the immigration laws of the United States.

9. Defendant, Jeh Johnson, is the Secretary of Homeland Security and he is being sued in his official capacity. He is a party to the ABC litigation and is bound by its terms.  In his official capacity, Mr. Johnson is in charge of enforcing the immigration laws of the United States.

10. Defendant, John Kerry, is the Secretary of State and he is being sued in his official capacity. In his official capacity, Mr. Kerry is in charge of addressing all foreign matters of the United States, and Mr. Aleman-Aleman is currently subject to imminent removal.

COMPLAINT 4

11. Defendant Department of Homeland Security ("DHS") is a federal agency, the responsibilities of which include enforcement of immigration law and administration of immigration services, benefits, and adjudications. DHS, which absorbed functions of the former Immigration and Naturalization Service ("INS"), is, as a successor, a defendant in the ABC litigation and is bound by the terms of the ABC Agreement.

12. Defendant U.S. Citizenship and Immigration Services ("USCIS") is part of DHS. USCIS, which absorbed the service and benefit functions of the former INS, is responsible for the administration of immigration and naturalization adjudication functions, including adjudication of asylum and refugee applications and other adjudications previously performed by INS.  CIS, as a successor, is a defendant to the ABC litigation and is bound by the terms of the ABC Agreement.

## FACTS

### The *ABC* Agreement

13. In December 1990, Defendants by their predecessors agreed to settle the case of *ABC v. Thornburgh*, 760 F. Supp. 796, a class action suit brought by numerous churches, organizations, and individuals on behalf of more than 300,000 Guatemalan and Salvadoran asylum applicants. The ABC Plaintiffs alleged that the Defendants had systematically violated the Refugee Act of 1990, and regulations promulgated thereunder, in processing Plaintiffs' asylum applications. Plaintiffs alleged that Defendants processed the application on the basis of improper foreign policy considerations, border enforcement considerations, and political and ideological beliefs,

COMPLAINT 5

and not based on the legislative standards under the Refugee Act of 1980. *American Baptist Church*, 760 F. Supp. at 799-800; The Refugee Act of 1980, Pub. L. No. 96- 212, Title II, § 201, 94 Stat. 109 (Mar. 17, 1980).

14. The ABC Agreement was first provisionally approved by the United States District Court for the Northern District of California on December 19, 1990, and it was finally approved on January 31, 1991. *ABC v. Thornburgh*, 760 F. Supp. at 797.

15. The ABC Settlement Agreement provides that the successors of the defendants to that litigation are bound by its terms. Id. at 799, 809 (¶32).

16. Paragraph 35 of the ABC Settlement Agreement provides:

> If an individual class member who has sought the benefits or right of this agreement raises any claim regarding the denial of any such right or benefit (including a dispute over membership in the class) that is not within the Court's retained jurisdiction under paragraph 33(a) or (b) [of this agreement], such individual is entitled to seek enforcement of the provisions hereof by initiating a separate proceeding in any federal district court, and the Defendants will not contest the jurisdiction of such court to hear any such claim except for failure of the class member to follow the procedures specified in paragraphs 2, 6, 7 and 18 of this agreement to obtain rights hereunder ….

*Id.* at 809-10 (¶35).

17. The ABC Settlement Agreement provides substantive rights to class members—including work authorization, stays of removal proceedings, stays of physical removal, and specialized asylum adjudication procedures that differ in significant respects from standard asylum adjudication procedures.

18. The ABC Settlement Agreement prohibits Defendants from detaining class members and instituting removal proceedings until a class member has effectuated and

COMPLAINT 6

exhausted his rights under the terms of the ABC Settlement Agreement. It also requires Defendants to process all ABC Settlement Agreement applications in accordance with regulations in existence on October 1, 1990.

19. In order to be a class member Salvadorans must have been physically present in the United States on or before September 19, 1990, registered for ABC benefits or applied for TPS on or before October 31, 1991, and applied for asylum on or before January 31, 1996.

20. Members of the class are entitled to the above stated rights unless they have been convicted of an aggravated felony pursuant to INA § 101(a)(43).

### Mr. Roberto Aleman-Aleman

21. Mr. Aleman-Aleman is a native and citizen of El Salvador and first entered the United States in approximately 1987.

22. He was the derivative on an asylum application filed by his father on July 31, 1989. (Exhibits 2, 3).

23. Mr. Aleman-Aleman, applied for and was granted TPS in 2001. (Exhibit 4).

24. Mr. Aleman-Aleman's father applied for TPS as early as May 21, 1991. (Exhibit 5)

25. Upon information and belief, Mr. Aleman-Aleman may also have applied for TPS or registered for ABC Benefits on or before October 31, 1991.

26. On November 12, 2003, Mr. Aleman-Aleman was convicted of Burglary under Idaho Code § 18-1401 and he received a five (5) year aggregate sentence to incarceration.  (Exhibit 6).

COMPLAINT 7

27. On September 27, 2016, Mr. Aleman-Aleman received a decision from the Chicago Asylum Office finding that he is not eligible for benefits under the ABC Settlement Agreement due to his November 12, 2003 burglary conviction.  (Exhibit 1). The decision states that the conviction is an aggravated felony and therefore disqualifies him from benefits under the agreement.  *Id.*  It is the only reason cited as disqualifying Mr. Aleman-Aleman from benefits under the Agreement.

28. As set forth below, the determination that Mr. Aleman-Aleman's conviction for burglary is an aggravated felony is in error and Mr. Aleman-Aleman has no other convictions that could qualify as an aggravated felony.

### Idaho Burglary Cannot be an Aggravated Felony

29. The Immigration and Nationality Act (hereinafter "INA") section 101(a)(43) defines an aggravated felony for immigration purposes.

30. Section 101(a)(43(G) provides that a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year, is an aggravated felony.

31. To access whether a state conviction qualifies as an aggravated felony, courts apply the "categorical approach" to determine whether the state offense matches the "generic" federal definition of the relevant offense under the INA.  *See Ramirez v. Lynch*, No. 08-72896, 2016 WL 239661, at * 2 (9th Cir. Jan 20, 2016) (*citing Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013)).  "[A} state offense is a categorical match with a generic federal offense only if a conviction of the state offense '*necessarily involved . . .*

COMPLAINT 8

facts equating to [the] generic [federal offense]." *Moncrieffe*, 133 S. Ct. at 1684 (*quoting*

*Shepard v. United States*, 544 U.S. 13, 24 (2005)) (emphasis added) (quotations omitted).

Therefore, the Court "must presume that the conviction 'rested upon [nothing] more

than the least of th[e] acts' criminalized, and then determine whether even those acts

are encompassed by the generic federal offense." *Id.* (*citing Johnson v. United States*, 559

U.S. 133, 137 (2010)) (alteration in original).

32. That statute Mr. Aleman-Aleman was convicted under states in full:

> "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, vehicle, trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary." I.C. 18-1401.

33. In *Descamps v. United States,* the Supreme Court analyzed whether California

burglary (California Penal Code § 459) satisfied the generic elements of the federal

definition of burglary.  133 S.Ct. 2276 (2013).  The Court determined that the basic

elements of generic burglary are "unlawful or privileged entry into, or remaining in, a

building or structure, with intent to commit a crime."  *Id.* at 2292.  The Supreme Court

then determined that the California code was missing an element of the federal generic

burglary offense because it does not require breaking and entering.  *Id.*

34. The Idaho Code also does not require a breaking and entering and is therefore

categorically not a burglary offense under Supreme Court precedent.  As such, Mr.

Aleman-Aleman's conviction under the statute cannot be a burglary offense under INA

§ 101(a)(43)(G), regardless of the sentence imposed.  Nor does the conviction qualify as

any other type of aggravated felony as they are defined at INA § 101(a)(43).

**Exhaustion**

35. There are no administrative remedies available to Plaintiff. Enforcement of the ABC Settlement Agreement and review of denials of eligibility for ABC benefits are matters vested exclusively with the federal courts. *American Baptist Church*, 760 F. Supp. at 809-810 (¶ 35); *Matter of Morales*, 21 I. & N. Dec. 130 (BIA 1996).

**CAUSES OF ACTION**

**Count I**
**(Violation/Breach of the ABC Settlement Agreement pursuant to 28 U.S.C. § 1346)**

36.  Plaintiff realleges and incorporates herein the foregoing paragraphs as if fully set forth here.

37. This dispute involves less than $10,000.

38. Defendants contend that Mr. Aleman-Aleman is not eligible for ABC benefits due to their erroneous determination that he has been convicted of an aggravated felony.

39. The alleged aggravated felony is the only asserted reason for finding Mr. Aleman-Aleman ineligible.

40. Therefore, by abiding by the erroneous determination regarding Mr. Aleman-Aleman's criminal history, the Defendants consequently are depriving Mr. Aleman-Aleman of the right and benefits to which he is entitled. By doing so, Defendants are in breach of their contractual obligations under the Agreement.

41. Specifically, Defendants are depriving Mr. Aleman-Aleman of his right to a de novo ABC asylum interview and opportunity to apply for suspension of deportation

COMPLAINT 10

and lawfully in the United States with his U.S citizen family. Defendants are depriving Mr. Aleman-Aleman of his right to be free from detention in violation of the ABC Settlement Agreement. Defendants also are depriving Mr. Aleman-Aleman of his right to be free from reinstatement of his prior deportation order.

42. Defendants by their actions toward Mr. Aleman-Aleman materially breached the ABC Settlement Agreement and improperly and unlawfully deprived Plaintiff of his benefits, rights, and protections.

## Count II
## (Relief under the Mandamus Act)

43. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

44. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the USCIS to perform a duty owed. Paragraph 2 of the ABC Settlement Agreement provides:

> "[C]lass members, if they have not been convicted of an aggravated felony as that term is defined in the Immigration and Nationality Act, as amended, *will be afforded* a de novo, unappealable asylum adjudication before an Asylum Officer, including a new interview, under the regulations in effect on October 1, 1990."

*ABC v. Thornburgh,* 760 F. Supp. At 799 (¶2) (emphasis added).

45. Defendants have failed, and will continue to fail, to recognize that Plaintiff does not have an aggravated felony conviction such that he should be entitled to benefits under the ABC Settlement Agreement.

## Count III

COMPLAINT 11

**(Violation of 5 U.S.C. §§ 702, 706 (APA Claims))**

46. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

47. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency actions. 5 U.S.C. § 702. Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

48. Defendants' unlawful refusal to afford Plaintiff the benefits and protections of the ABC Agreement has caused, and will continue to cause, Plaintiff irreparable harm, depriving him of his liberty and the opportunity to obtain lawful permanent resident status and live lawfully in the United States with his U.S citizen family. Plaintiff is therefore entitled to injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1).

49. The denial of the benefits and protections of the ABC Agreement is contrary to Defendants' own policy regarding such determinations and therefore exceeds the Defendants' statutory authority. 5 U.S.C. § 706(2)(C).

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1.  Assume jurisdiction over this matter;

2.  Adjudicate this instant complaint on an expedited basis;

3.  Declare that Plaintiff does not have an aggravated felony conviction rendering him ineligible for benefits under the ABC Settlement Agreement;

COMPLAINT 12

4.  Declare that Defendants violated the terms of the ABC Settlement Agreement;

5.  Declare that Defendants impermissibly and unlawfully deprived Plaintiff of rights, benefits and protections due to him under the ABC Settlement Agreement and any rights, benefits and protections related thereto;

6.  Declare that Defendants' basis for finding Plaintiff ineligible for ABC benefits was erroneous;

7.  Order Defendants to honor their promises under the ABC Agreement by specific performance;

8.  Order that Mr. Aleman-Aleman be released from custody pending resolution of his claims in this Court;

9.  Enjoin Defendants from violating the ABC Settlement Agreement;

10. Grant and emergency stay of removal, enjoining Defendants from removing Plaintiff from the United States prior to resolution of his claims by this Court;

11. Award Plaintiff his costs and reasonable attorney fees in this action as provided by 28 U.S.C. § 2412, other statute or the ABC Settlement Agreement; and

#########

COMPLAINT 13

12. Grant such further relief as the Court deems just and proper under the

circumstances.

Dated this 27th day of October 2016.

\_\_/S/Christine M. Meeuwsen_____

Christine M. Meeuwsen, ISB #9990
Maria E. Andrade, ISB #6445
Attorneys for Roberto Aleman-Aleman
Andrade Legal
PO Box 2109
Boise, Idaho 83701
Tel: (208) 342-5100
Fax: (208) 342-5101
cmeeuwsen@andradelegal.com
mandrade@andradelegal.com

COMPLAINT 14